UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re: Nancy Jane Gardner,             Case No. 15-40823-PJS
           Chapter 7
           Debtor.            Hon. Phillip J. Shefferly
_____/

Nancy Jane Gardner, and
Donald Marvin Gardner
           Plaintiffs,
v.            Adv. Pro. No. 15-04355

Potestivo and Associates,
Federal National Mortgage Association,
Noel Ravenscroft,
State of Michigan Attorney General, and
United States Attorney General,

           Defendants.
_____

ORDER GRANTING DEFENDANT FEDERAL NATIONAL MORTGAGE ASSOCIATION'S,
NOEL RAVENSCROFT'S AND POTESTIVO & ASSOCIATES, P.C.'S MOTION TO DISMISS

On January 23, 2015, Plaintiff Nancy Jane Gardner ("Debtor") filed a Chapter 7 petition for relief. She received a discharge in her case on April 28, 2015. On April 16, 2015, the Debtor and Donald Marvin Gardner (collectively, "Plaintiffs") filed this adversary complaint against five defendants, including the Federal National Mortgage Association ("Fannie Mae"), Noel Ravenscroft and Potestivo and Associates, P.C. (collectively the "Defendants"). The Debtor is representing herself in the bankruptcy case, and the Plaintiffs are representing themselves in this adversary proceeding. Although he is shown in the caption as a Plaintiff, Donald Marvin Gardner, the Debtor's husband, is not mentioned in the complaint.

The complaint is very confusing, and relates to the May 30, 2013 sheriff's sale of property in Burtchville, Michigan. The alleged basis for jurisdiction is that the matter relates to third parties

who sought relief from this Court, presumably Fannie Mae, through counsel Potestivo and Associates and Noel Ravenscroft. The Plaintiffs allege that Fannie Mae and Potestivo and Associates engaged in fraud on this Court and violated Michigan statutes regulating collection practices. The Plaintiffs further allege that the Debtor is due compensation from Fannie Mae and Potestivo and Associates, and that the State of Michigan and United States need to address her "agency," and honor her invoice, which appears to be a statement of her alleged damages.

The Defendants ask that the complaint be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction, and Rule 12(b)(6) for failure to state a claim upon which relief may be granted. In her objection and corrected objection to the motion, the Plaintiffs state that the Debtor has a right to have her rights and duties declared in her controversy with Fannie Mae.

The Court has determined not to set this matter for hearing, as oral argument will not advance the decision making process. The Court has further determined to grant the Defendants' motion to dismiss for the following reasons.

Congress' grant, under 28 U.S.C. §§ 157 and 1334, of subject matter jurisdiction to bankruptcy courts is very limited in scope. The Court has already ruled on April 10, 2015, that the Debtor has no interest in the Burtchville property. Donald Marvin Gardner is not a debtor in any case before the Court. The Plaintiffs' complaint alleges no cognizable basis for this Court's subject matter jurisdiction as to any claims against the Defendants. The complaint does not arise in or under a case under Title 11, and it is not related to a case under Title 11. Accordingly, the Court grants the Defendants' motion under Rule 12(b)(1).

In the alternative, the Plaintiffs' complaint essentially seeks appellate review after losing in prior lawsuits brought by and against the Debtor in both state and federal courts, commenced and decided pre-petition. "[A]ppellate jurisdiction to reverse or modify a state-court judgment is lodged . . . exclusively in [the Supreme] Court." Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 283-84 (2005). The U.S. Supreme Court has "declared such suits out of bounds, *i.e.*,

-2-

15-04355-pjs    Doc 34    Filed 06/26/15    Entered 06/29/15 07:47:24    Page 2 of 3

properly dismissed for want of subject-matter jurisdiction." Id. (citing District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983) and Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923)).

Even if this Court had subject matter jurisdiction, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 570). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions . . . ." Twombly, 550 U.S. at 546. Here, the Plaintiffs' complaint is devoid of any factual matter stating a claim to relief against the Defendants that is plausible on its face. The Defendants are entitled to dismissal under the alternate grounds of Rule 12(b)(6).[1] Accordingly,

IT IS HEREBY ORDERED that the Defendants' motion to dismiss (ECF no. 20) is GRANTED.

.

**Signed on June 26, 2015**

                          **/s/ Phillip J. Shefferly**
                          **Phillip J. Shefferly**
                          **United States Bankruptcy Judge**

---

[1] The Defendants have raised other grounds for dismissal, which the Court finds unnecessary to address.